NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SUSAN MARGARET CANAVAN,

Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

Defendant-Appellee.

No. 21-55521

D.C. No. 2:19-cv-08235-VEB

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Victor E. Bianchini, Magistrate Judge, Presiding

Submitted April 11, 2022[**]
Pasadena, California

Before: CALLAHAN and VANDYKE, Circuit Judges, and EZRA,[***] District
Judge.

Plaintiff-Appellant Susan Margaret Canavan challenges the denial of her

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable David A. Ezra, United States District Judge for the
District of Hawaii, sitting by designation.

application for Social Security disability benefits. Applying the deferential substantial evidence standard of review required by our precedent, *see Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005), we affirm the district court's decision in this case and uphold the denial of benefits.

Canavan suffers from numerous medical issues. When she applied for Social Security disability benefits, her application was denied based on a finding that she was not disabled. Canavan's request for reconsideration of this denial was rejected on the same basis. She then asked for and received a hearing before an administrative law judge (ALJ). The ALJ reviewed Canavan's medical records and heard testimony from Canavan and a vocational expert. Following the hearing, the ALJ issued a 15-page, single-spaced decision recognizing that Canavan has legitimate medical issues, but finding she can work in some jobs with the right limitations and concluding that she does not fall within Social Security's definition of "disabled."

Canavan then began the appeals process: after the Social Security Appeals Council denied her request for review, she filed this lawsuit. The district court affirmed the denial of benefits and Canavan timely appealed to this court.

We review a district court's order affirming an ALJ's denial of benefits de novo. *Burch*, 400 F.3d at 679. In contrast, the ALJ's underlying denial is subject to a "highly deferential standard of review." *Valentine v. Comm'r Soc. Sec. Admin.*,

574 F.3d 685, 690 (9th Cir. 2009). We may only overturn the ALJ's decision to deny benefits if that decision is not supported by substantial evidence or is based on legal error. *Burch*, 400 F.3d at 679.

On appeal, Canavan argues that the ALJ improperly rejected the opinions of Dr. Mark Smith, who is Canavan's primary care physician, as well as Norma Avina, a nurse practitioner working for Dr. Smith, as to limitations on Canavan's neck and ability to manipulate or lift.[1]

Applying the substantial evidence standard, we must reject Canavan's argument. The record shows that the ALJ rejected some of Dr. Smith's opinions because the ALJ found that they were not persuasive in light of contrary findings from six other doctors and Canavan's longitudinal clinical record. The exhaustive review of medical records reflected in the ALJ's written decision refutes Canavan's assertion that the ALJ mischaracterized or overlooked records supporting Canavan's position. Canavan essentially asks for the evidence to be reweighed in a manner more favorable to her. But "[w]here evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch*, 400 F.3d at 679. This is consistent with the principle that we must

---

[1] Canavan initially asserted a second argument regarding the constitutional authority underlying the denial of benefits, but filed an unopposed motion to withdraw that argument. We grant that motion, and thus do not consider this argument or Canavan's proffered justifications for withdrawing it.

"defer[] to the presiding ALJ, who has seen the hearing up close." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019). "On judicial review, an ALJ's factual findings . . . 'shall be conclusive' if supported by 'substantial evidence.'" *Id.* at 1153 (quoting 42 U.S.C. § 405(g)). Canavan has not shown that the ALJ's decision was not supported by substantial evidence.

The district court is **AFFIRMED**.